[No. 22776. Department Two. May 26, 1931.]

ARTHUR T. EDWARDS *et al., Respondents,* v. JOSEPH H. OBZINA *et al., Appellants.*[1]

*Mifflin & Mifflin,* for appellants.

*J. Elwood Peterson* and *Spencer Gray,* for respondents.

FULLERTON, J.—The appellants were sued for a money judgment upon a contract for the exchange of real properties. Their answer pleaded facts which, it may be conceded, constituted ground for reformation of the contract or for some other affirmative relief. During the trial, the plaintiffs (respondents here), before they had rested their case, moved for a voluntary nonsuit. Without objection by the appellants, and without offer by them to proceed to prove the matters set up affirmatively in their answer, the court granted the motion.

In due course, the respondents proposed a form of judgment-entry dismissing the action "without" prej-

[1]Reported in 299 Pac. 656.

udice, while the appellants proposed a form reading "with" prejudice. The court entered the former, and this appeal followed.

The appellants assign error in that the court (1) granted a voluntary nonsuit; and (2) entered judgment in form reading "without" instead of "with" prejudice.

The pertinent part of the statute relating to nonsuits is this:

"Section 1. An action in the superior court may be dismissed by the court and a judgment of non-suit rendered in the following cases: 1. Upon the motion of the plaintiff, . . . (b) when the action, whether for legal or equitable relief, is to be or is being tried before the court without a jury, at any time before the court has announced its decision: Provided, that no action shall be dismissed upon the motion of the plaintiff, if the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction, or sets up a counter claim, either legal or equitable, to the specific property or thing which is the subject matter of the action.

"In every case, other than those mentioned in this section, the judgment shall be rendered upon the merits and shall bar another action for the same cause." Laws of 1929, p. 172.

It will readily be seen that the major question in the case is this: Was the appellants' non-resistance of the motion for a nonsuit and their failure to offer to proceed with their own case a waiver of their right to obtain in this action a judgment on the merits? This question must be answered affirmatively. When the appellants failed to object to the respondents' motion to dismiss, and failed to indicate that they wished to prove the matters affirmatively alleged by them, they consented, in effect, that those matters might be litigated in another action, if at all. The mere existence on paper of the affirmative pleas, without an offer to sup-

port them with evidence at the proper time, did not meet the requirements of the proviso in subdivision 1 of the quoted section.

As to the form of the judgment, its effect would have been the same if the words ''without prejudice'' had been omitted; and to have employed the words ''with prejudice'' would have been counter to the intent of the statute.

The judgment is affirmed.

TOLMAN, C. J., MILLARD, BEELER, and BEALS, JJ., concur.